Gregory LAURICH and Arlene Laurich, the mother and natural guardian of Phillip Laurich, a minor, Respondent,

v.

EMCASCO INSURANCE COMPANY, Defendant and Third Party Plaintiff, Respondent,

v.

MICKOW CORPORATION, Third Party Defendant, Appellant.

No. C5–90–58.

Court of Appeals of Minnesota.

May 22, 1990.

William Kvas, DeParcq, Hunegs, Stone, Koenig & Reid, P.A., Minneapolis, for Gregory Laurich and Arlene Laurich, the mother and natural guardian of Phillip Laurich, a minor.

Kay Nord Hunt, David J. Dosedel, Lommen, Nelson, Cole & Stageberg, P.A., Minneapolis, for Emcasco Ins. Co.

Philip A. Pfaffly, Dale M. Wagner, Moss & Barnett, P.A., Minneapolis, for Mickow Corp.

Considered and decided by PARKER, P.J., and CRIPPEN and SHORT, J.

OPINION

PARKER, Judge.

Mickow Corporation appeals from a declaratory judgment requiring it to provide uninsured motorist coverage for injuries arising out of an accident in Wisconsin. We affirm.

FACTS

On June 16, 1986, Gregory and Philip Laurich, Minnesota residents, were injured in an accident in Wisconsin while Gregory Laurich was driving a tractor-trailer which he owned and had indefinitely leased to Mickow Corporation as part of an independent contractor arrangement. Gregory Laurich stated that an unidentified driver swerved into his lane of traffic, forcing him off the road.

Mickow is an Iowa corporation which maintains a trucking terminal in St. Paul,

Minnesota. Gregory Laurich held title to the truck and leased it indefinitely to Mickow. It is undisputed that Mickow is the owner of the truck, pursuant to Minn.Stat. § 65B.43, subd. 4 (1984), which provides:

If a motor vehicle is the subject of a lease having an initial term of six months or longer, the lessee shall be deemed the owner for the purposes of sections 65B.41 to 65B.71 * * *.

*Id.* Mickow also admits that the vehicle is principally garaged in Minnesota and that the state has sufficient constitutional contacts upon which to base jurisdiction.

The Laurichs brought an action against Emcasco Insurance Company seeking a declaration that Emcasco was obligated to provide uninsured motorist coverage. Emcasco impleaded Mickow Corporation, alleging that Mickow was obligated to provide such coverage. Emcasco and the Laurichs brought a joint motion for summary judgment. Mickow brought a cross-motion for summary judgment. The trial court concluded that Mickow was obligated to maintain uninsured motorist coverage and that Mickow must provide such coverage in the amount of $25,000 per person/$50,000 per accident, the minimum required by the No-Fault Act. Mickow appeals.

## ISSUE

Did the trial court err in determining that Mickow is obligated to provide uninsured motorist coverage?

## DISCUSSION

The crux of this appeal is Minn.Stat. § 65B.49, subd. 3a(2) (Supp.1985), which provides:

Every owner of a motor vehicle registered or principally garaged in this state shall maintain uninsured and underinsured motorist coverages as provided in this subdivision.

*Id.* Resolution of the issue presented turns on interpretation of the phrase "as provided in this subdivision," referring to Minn.Stat. § 65B.49, subd. 3a(1):

**Uninsured and underinsured motorist coverages.** (1) No plan of reparation security may be renewed, delivered or issued for delivery, or executed in this state with respect to any motor vehicle registered or principally garaged in this state unless uninsured and underinsured motorist coverages are provided therein. The coverages combined, at a minimum, must provide limits of $25,000 because of injury to or the death of one person in any accident and $50,000 because of injury to or the death of two or more persons in any accident. * * *

Mickow argues that "as provided in this subdivision" refers to the first sentence of subd. 3a(1), which requires inclusion of uninsured and underinsured motorist coverage in every automobile insurance policy "renewed, delivered or issued for delivery, or executed *in this state*" with respect to a motor vehicle principally garaged in this state. *See id.* Because Mickow's insurance policy was executed and delivered in Iowa, Mickow argues that section 65B.49, subd. 3a(1), does not apply to it. Emcasco, on the other hand, argues that "as provided in this subdivision" refers to the dollar amounts specified as minimum limits in the second sentence of subd. 3a(1).

We agree with Emcasco's interpretation of the statute. As the trial court noted in a thorough and well-reasoned memorandum,

[p]aragraph 2 of subdivision 3a requires all owners of vehicles principally garaged in the state to maintain [uninsured/underinsured motorist] coverage at the levels required in paragraph 1 of the same subdivision. * * * The first sentence of paragraph 1 merely imposes specific obligations on insurers, it does not modify the obligations imposed on owners by paragraph 2.

The statute draws a clear distinction between the obligations of *owners* and the obligations of *insurers*. Mickow's argument that section 65B.49 refers only to insurers is unconvincing, as subd. 3a(2) thereof makes specific reference to owners. We see no reason why the legislature would intend to distinguish between owners who buy insurance in Minnesota and owners who buy insurance outside Minnesota when it comes to providing uninsured

motorist coverage for vehicles principally garaged in Minnesota.

The legislature intended the coverage afforded to uninsured motorist risk under section 65B.49, subd. 3a, to be broad. *Kaysen v. Federal Insurance Co.*, 268 N.W.2d 920, 924–25 (Minn.1978). *See also Burgraff v. Aetna Life and Casualty Co.*, 346 N.W.2d 627, 629 (Minn.1984). We note that the consequences of adopting Mickow's interpretation would have a deleterious impact in two ways. *See* Minn.Stat. § 645.16(6) (1988) (in determining legislative intent, court may consider the consequences of a particular interpretation).

First, Mickow's proposed interpretation would be contrary to the purposes of the No–Fault Act, one of which is to assure prompt payment of basic economic loss benefits regardless of fault. Minn.Stat. § 65B.42(1) (1988); *see also Burgraff*, 346 N.W.2d at 629; *Kaysen*, 268 N.W.2d at 925.

Second, Mickow's proposed interpretation would put Minnesota–based trucking companies at a competitive disadvantage to out-of-state trucking companies. We do not believe the legislature intended such a result.

Because we conclude that section 65B.49, subd. 3a(2), requires Mickow, as owner, to provide uninsured motorist benefits, we do not reach the parties' arguments concerning Minn.Stat. §§ 65B.48 and 65B.50 (1984).

#### DECISION

The trial court did not err in requiring Mickow to provide uninsured motorist benefits.

Affirmed.